Reese, J.
delivered the opinion of the court.
This bill charges, that before 1825, a judgment was obtained against Samuel Denton, in the Circuit Court of the U. States, at Nashville, and that in 1825, an execution was levied upon the land described in the bill, by the Marshal of West Tennessee, and the same was sold, and complainant Gibbs became purchaser thereof, and took a deed for the same from the Marshal; that he instituted an action of ejectment against said Samuel Denton and others, in possession, and prosecuted the same to judgment against said defendants, and that he took possession of the same in March, 1838, and that he has occupied it by his tenants ever since. That recently, John A. Thompson, Denton, Fisk, and others, under a champertous agreement and combination, have brought actions of ejectment against his tenants; that Thompson, who resides in New York, pretends to claim title under a deed made by Denton to Thomas J. Thompson, in 1817, for said land; the said last mentioned Thompson being now dead, and the said John A., claiming as his heir at law. The complainant charges, that the said deed was made to defraud creditors, and is void; and *180 prays a disclosure of the champerty, and the disclosure of the execution of certain deeds, in the possession of the defendants, and that Thompson’s title may be declared void, and complainant be quieted in his possession, &c.
The answers of Thompson and Fisk, admit the champerty, but state that they were ignorant that their arrangements were against the law, and they have been abandoned. Thompson sets up title under the deeds of Denton to his ancestor, denies that said deed was fraudulent; and insists upon the statute of limitations of seven years.
The first question is, was the said deed fraudulent and void as against creditors? We think it has been very clearly established by the proof, that it was fraudulent and void, and upon various grounds.
1st. The deed made in the State of New York, appears upon its face, an absolute deed of conveyance, and was so intended to be understood by others, but there was a secret defeasance given, which makes it no more than a security for a debt.
2d. The deed acknowledges a consideration upon its face of eight thousand dollars; the defeasance admits, that little more than half that sum was due; so that creditors, if they had known it to be a mortgage, would have been deceived and deterred by the statement of this false and fictitious consideration.
3d. Because, in the next year, the said Thompson, by his power of attorney to said Denton, authorized him to sell and convey all or any part of said land, for what price he pleased, and to receive the consideration, warranting the title in conveyances to be made, against the acts or claims of Thompson, or his heirs. This power enabled Denton, if he saw proper, to make the conveyance to Thompson nugatory even as a security for the alledged debt.
4th. A reconveyance of four thousand acres of land from Thompson to Denton, for the trivial consideration of one dollar.
In addition to all this, it may be more briefly enumerated as an instance of fraud, that there is no proof whatever of a debt due from Denton to Thompson. They were relatives and confidential friends. Denton appears to have been much embarrassed, and involved with debts. Thompson, during the many *181 years which have elapsed, seems to have taken no steps to close his mortgage. Denton continued in possession, budded mills, sold lands, conveying them sometimes in his own name, and sometimes as attorney of Thompson, but in all instances receiving and appropriating the proceeds of such sales to his own use. Upon these grounds and others, which might be set forth, we are satisfied that the deed of 1817 was colorable, and is fraudulent and void, and that the possession of Denton was for himself. We think the facts of the case do not raise any question of the statute of limitation, which can be made available as a defence to this suit.
There has been but one other question seriously argued on behalf of the defendants in the present case. It is insisted that the Marshal’s return of the levy and sale of the land, is defective and void for uncertainty. The return is, that the Marshal levied upon a tract of land in White county, of 1548 acres, and one hundred and thirty-nine poles; also 2404 acres,’and 110 poles in the same county. And after the statement of the sale, the return proceeds to say, that a list of the advertisement and description of the land is hereto annexed; and then sets out a copy of the advertisement, containing a very full description of the land. This question has been before the court in the case of Vance vs. McNairy, 3 Yerger, 171: Powell vs. Pullen, 3 Yerg. 338: Parker vs. Swan, 1st Hump. 80: Brown vs. Dickson, 2 Hump. 395: Huddleston vs. Garrett, 3 Hump. 629, and lastly, the case of Taylor vs. Cozart, 4 Hump. 435. There is not one of these cases which tend to establish, that the return of levy and sale in the case before us, is defective and void.
There are two principles upon which those cases taken together rest:
1st. That purchasers must have the means of knowing what land is to be sold, so as to form some estimate of its value; and
2dly. That there must be such ascertainment, by description of identity as shall prevent one piece of land frorn being sold, and a distinct piece conveyed.
Both those purposes are abundantly secured by the character of the return in the case before us. The last case referred to, 4 Hump. 433, is decisive in favor of the present being a good *182 return. The return in that ease was, “Levied on three tracts of land, one tract containing 300, one tract 40 or 50 acres, one other tract containing 110 acres, the property, &c., all in the county of Carroll — See advertisement in newspaper for description.”
The court says, it does not appear what advertisement is referred to; whether the one the Marshal intended himself to publish in this case, or some other advertisement about the same land; and hence no assistance can be gained from that reference. The court adds, that the advertisement forms no part of the record; exists only in the evanescent publications of the day, and must soon become lost to the memory of man, and become incapable of proof. Had reference been made to a deed of record, or to facts upon the ground, capable of proof, the case would have been wholly different. Here the advertisement is made to form a part of the record and perpetuated as proof. If reference to a deed of record, for description, will do; much more, the actual description upon the return itself. The advertisement thus put upon the record, by being incorporated with the Marshal’s return, distinctly establishes the means by which persons wishing to become purchasers were specifically notified of the very land; and the Marshal after so full a return, when he comes to make a deed, is in no danger of conveying land different from the land by him sold, obviating thereby both the difficulties, to guard against which, the principles of the several decisions referred to, were adopted and enforced. We do not think there is any good reason for carrying the decisions upon this subject any farther than they have already proceeded — to embrace this case would be going many a league beyond. Indeed to take the whole return together, as has been heretofore done, there is no question whatever of the full, certain and complete character of levy and sale. In this branch of the case, therefore, we think there is no error in the decree of the Chancellor.
The decree is, therefore, affirmed.